UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Angel G.S.P., <br><br> Petitioner, <br><br> v. <br><br> Pam Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, <br><br> Respondents. | Civil No. 26-1449 (DWF/JFD) <br><br><br> MEMORANDUM <br> OPINION AND ORDER |

## INTRODUCTION

This matter is before the Court on Petitioner Angel G.S.P.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2) and requesting transfer to the Western District of Wisconsin. (Doc. No. 5.) For the reasons set forth below, the Court denies the motion to transfer, grants the Petition, and orders Respondents to release Petitioner immediately.

## BACKGROUND

Petitioner is a citizen of Ecuador and a resident of Baldwin, Wisconsin. (Doc. No. 1 ¶¶ 7, 12.) He has lived in the United States since May 11, 2021. (*Id.* ¶ 12.) He has

two children: a ten-year-old son and a one-month-old daughter. (*Id.* ¶ 15.) He has no final order of removal. (*Id.* ¶ 13.)

On February 15, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner. (*Id.* ¶ 16.) Masked ICE agents wearing vests that said "Police/ICE" handcuffed Petitioner, placed him in an unmarked car, and left. (*Id.*) The agents did not produce a warrant for the arrest. (*Id.*) He was first taken to the Whipple Federal Building at Fort Snelling in Minnesota. (*Id.* ¶¶ 7, 20.) Before filing, Petitioner's counsel attempted to locate Petitioner, but the ICE locator did not yield any results. (*Id.* ¶ 14.) The system now shows that Petitioner is at Kandiyohi County Jail in Minnesota. *Online Detainee Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (last visited Feb. 18, 2026). Petitioner's arrest was part of "Operation Metro Surge," an ongoing immigration-law enforcement effort in Hennepin and Ramsey Counties that has led to an unprecedented increase in federal law enforcement presence in Minnesota. (Doc. No. 1 ¶¶ 17-18; *see also Tincher v. Noem*, No. 25-cv-4669, 2026 WL 125375, at *1, 31 (D. Minn. Jan. 16, 2026), *appeal docketed*, No. 26-1105 (Jan. 20, 2026).)

Petitioner filed the Petition on February 15, 2026. (Doc. No. 1 at 18.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* ¶¶ 31-47.) Petitioner requests, among other things, release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226(a). (*Id.* at 18.) Also on February 15, 2026, the

Court ordered Respondents to answer the Petition on or before February 19, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 3.) Respondents timely filed a form response. (Doc. No. 5.)

## DISCUSSION

### I.     Motion to Transfer

As a threshold matter, Respondents challenge the Court's jurisdiction over this case. (Doc. No. 5 at 1-2.) Generally, jurisdiction over a habeas petition lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Petitioner is detained in Minnesota. Further, the *Padilla* decision noted an exception to the district-of-confinement rule for habeas jurisdiction when the person's location is unknown. *Id.* at 450 n.18 ("When . . . a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules."). On the date of filing, Petitioner's counsel attempted to locate him, but the system did not show results, so the exception applies. For both of these reasons, the Court has jurisdiction.

Respondents ask the Court to transfer this matter to the Western District of Wisconsin, arguing that jurisdiction is proper in the district of arrest and Petitioner's residence because "the decision to arrest and detain Petitioner was directed to personnel within" Wisconsin and therefore "witnesses and information about the manner of his arrest would also be found in" Wisconsin. (Doc. No. 5 at 1-2 (citation modified) (quoting *Jose A. v. Noem*, No. 26-cv-480, 2026 WL 172524, at *2 (D. Minn. Jan. 22, 2026)).)

3

While there may be circumstances in which it is proper to transfer a habeas petition to the district of arrest, this is not one of those cases. Petitioner's arrest was part of Operation Metro Surge, which is based in Minnesota, so ICE personnel responsible for his arrest are in Minnesota. Further, Baldwin, Wisconsin, is right across the border from the Twin Cities, so it would not be inconvenient for witnesses to come here. The motion to transfer is denied.

## II.     Merits of the Petition

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and pointing the Court to their arguments in a pending Eighth Circuit case: *Avila v. Bondi*, No. 25-3248. (Doc. No. 5.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for

admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for nearly five years. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detention and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 5). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner:

    a. In Minnesota;

    b. With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

    c. Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll and complete an "Alternatives to Detention" program;

    d. Without any tracking devices or use of a tracking application; and

    e. With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

6. Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

7. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

8. Respondents' motion to transfer (Doc. No. [5]) is **DENIED**.

9. Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 18, 2026          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge